744 So.2d 379 (1999)
Tim MAGEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01070-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*380 William F. Vick, Jackson, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Tim Magee has appealed his conviction of sale of a controlled substance. He claims the evidence was insufficient to sustain his conviction and also attacks the performance of his attorney at trial, claiming his performance was so deficient as to deny him the effective representation of counsel guaranteed him under the United States Constitution. We find both issues to be without merit, except one element of the ineffective assistance claim, which we find ourselves without jurisdiction to consider. Therefore, we affirm Magee's conviction, but without prejudice as to the particular ineffective assistance claim discussed more fully below, which may potentially be a matter for post conviction relief.

I.

Facts
¶ 2. Magee sold three rocks of crack cocaine to an undercover narcotics agent who videotaped the entire transaction. The videotape was introduced into evidence and the undercover agent also positively identified Magee as the seller. A second narcotics officer testified to reviewing the videotape of the transaction. This second agent said that he had a long acquaintanceship with Magee and could plainly identify him as the seller on the videotape. Magee called no witnesses in his defense.

II.

The Sufficiency of the Evidence
¶ 3. Magee attacks the sufficiency of the evidence by claiming that the trial court erred in denying his JNOV motion. In his brief, Magee accurately states the law on the subject by saying that the motion should be granted if the trial court, viewing the evidence in the light most favorable to the State, is nevertheless convinced that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt. Williams v. State, 463 So.2d 1064 (Miss.1985). However, Magee's argument does not progress beyond that point. He points to no facts in the record that clearly indicate his lack of guilt, nor does he suggest in what particular the State's proof was so deficient that some essential element of the crime remains unproven. He makes only the conclusory assertion that "there was insufficient evidence for the jury to reach a verdict of guilty...." There was, unquestionably, evidence that, if accepted as true by the jury, would tend to establish the essential elements of the crime. None of that evidence was rebutted and none of the *381 State's witnesses were impeached to the extent that their testimony was rendered inherently incredible or unbelievable. The jury, by its verdict, indicated that it accepted the State's version of events as true. Fact-finding at trial is the particular province of the jury. Finley v. State, 725 So.2d 226 (¶ 32) (Miss.1998). On this record, the jury's resolution of those facts is a matter on which this Court is without authority to intercede.

III.

Ineffective Assistance of Counsel
¶ 4. Magee's complaints regarding the performance of his attorney at trial are three-fold. First, he says his attorney should have moved to quash the entire venire when prospective jurors were permitted to learn that a conviction in another cocaine sale case had been obtained the previous day. Second, he faults his counsel for calling no witnesses for the defense. Thirdly, he suggests that his attorney told the jury in summation that Magee was "probably guilty," thereby ending any possibility of an acquittal. We find the first and third complaints to be without merit and conclude that we are without jurisdiction to consider the second complaint.

A.

Failure to Move to Quash the Venire
¶ 5. Reversal of a conviction based on a claim of ineffective assistance of counsel requires a showing of deficient performance coupled with a demonstration of prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The bar for demonstrating prejudice has been set quite high. The defendant must show that, but for counsel's substandard performance, a different result at trial would have been likely. Id. at 695, 104 S.Ct. 2052.
¶ 6. This Court has substantial doubt that a motion to quash the venire would have prevailed, even had one been offered. The only facts developed during voir dire were that there had been a cocaine transaction case tried the previous day and that the defendant had been convicted. The fact that the case had been tried came as no surprise to the prospective jurors because the jury for that trial had been selected from the same jury pool. We do not believe that the further knowledge that the defendant on the previous day had been convicted was prejudicial in any way to Magee. The circumstance that the jurors may have learned that fact during voir dire does not make it more damaging than if they had read of the conviction over breakfast in the morning newspaper.
¶ 7. All prospective jurors who reported sitting in on any part of the previous day's trial were excused for cause. That action appeared more than enough to remove any potential for prejudice in the seating of a jury to try Magee's case based on the previous day's events. That Magee's counsel failed to make a motion that had little or no merit does not demonstrate the attorney's ineffectiveness in representing Magee at trial.

B.

Failure to Call Witnesses
¶ 8. The mere failure to call witnesses for the defense, standing alone, does nothing to demonstrate ineffective assistance of counsel. It is not uncommon for criminal trials to end in a defendant's verdict where the defense puts on no evidence and, in summation, affirmatively uses the decision not to put on any evidence as a means of emphasizing the weakness of the prosecution's evidence.
¶ 9. Magee suggests no available witnesses who should have been called in his defense but who were not called nor does he offer an indication of what exculpatory evidence might have been produced through these uncalled witnesses. Nevertheless, these considerations demonstrate that establishing any damage to Magee's defense by his counsel's failure to call witnesses *382 would necessarily require an evidentiary hearing into who those witnesses were, their availability, and what evidence they might have offered. Those are issues that simply cannot be gleaned from a review of the trial record itself. Therefore, under the direction of Read v. State, we decline to reach the issue in this appeal, without prejudice to Magee's right to assert such a claim in a post conviction relief proceeding. Read v. State, 430 So.2d 832, 841 (Miss.1983).

C.

Improper Summation
¶ 10. Magee claims that his trial attorney hopelessly prejudiced him in the eyes of the jury by saying in summation that counsel believed Magee was "probably guilty." He cites Faraga v. State, where the Mississippi Supreme Court said, "Of course, no attorney representing a client who has pleaded not guilty should concede in his oral argument to a jury that his client was in fact guilty of the crime charged in the indictment." Faraga v. State, 514 So.2d 295, 308 (Miss.1987).
¶ 11. We conclude that Magee's assertion on this point is an excellent illustration of taking an isolated quotation out of context and twisting it into a meaning other than the one intended. In actuality, what Magee's counsel said was this:
And that jury instruction says that there's always reasonable doubt of the Defendant's guilt when the evidence simply makes it probable that the Defendant is guilty. So, if you go back there and say, well, he's probably guilty. I mean there's evidence that would support a guilty verdict in this case, and I believe he probably is guilty, but you know there's one or two things I'm not sure about. I kind of doubt it. If you feel that way, then the State has not met its burden to each one of you. (emphasis supplied).
¶ 12. It is the opinion of the Court that, in making this argument, counsel was not speaking for himself in the italicized portion of his argument, but was attempting to articulate the thinking process of a hypothetical juror deliberating the question of guilt. His remarks were illustrating a suggested means for jurors to deal with the issue of balancing probable guilt against guilt beyond reasonable doubt, and they were not, when viewed in context, a confession that the attorney himself considered his client to be "probably guilty."
¶ 13. In point of fact, however, even were we to be convinced that counsel was conceding to the jury that he personally believed his client was "probably guilty," or that his statements were capable of being understood by the jury in that light, we would still be loathe to reverse this conviction. At that point in the trial, Magee's attorney was faced with the fact that there was overwhelming evidence of his client's guilt, including a videotape in which appeared a person who, putting it in the light most favorable to Magee, bore a striking resemblance to the defendant. There was no exculpatory evidence affirmatively suggesting Magee's non-involvement in the transaction, so that the sole means of seeking an acquittal seemed to be to find some means of impressing on the jury the extremely high standard required to convict, i.e., beyond a reasonable doubt. It could well be argued that one, and possibly the only, effective means of stressing that high standard at that point was to concede the obviousthe probability of guiltbut hope, by that concession, to persuade the jurors to understand the gravity of making the more difficult determination to assess criminal guilt. In the face of the overwhelming difficulty facing defense counsel on the facts given him to argue, we cannot conclude that such a tactic would have been an improper invitation to the jury to convict in violation of defense counsel's obligation to vigorously pursue his client's acquittal. Defense attorneys are required to be diligent. They are not required to produce miracles.
*383 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY OF CONVICTION OF TRANSFER OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.