864 So.2d 988 (2004)
Patrick PHINISEE, a/k/a "Pat", Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01840-COA.
Court of Appeals of Mississippi.
January 6, 2004.
*989 William Heath Franklin, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before McMILLIN, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Patrick Phinisee was convicted in the Circuit Court of Washington County for the burglary of a dwelling house. He was sentenced as a habitual offender and was placed in the custody of the Mississippi Department of Corrections for a term of twenty years. The last five years of this sentence were to be served on post-release supervision under the department's probation and parole office. After denial of his post-trial motions, Phinisee filed this appeal raising the following issues:
I. WHETHER THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
II. WHETHER THE VERDICT WAS SUFFICIENTLY SUPPORTED BY THE EVIDENCE

STATEMENT OF FACTS
¶ 2. On the morning of February 22, 2001, Christine Gaston left her home and went to work. That afternoon, the Greenville Police Department received an anonymous call regarding a residential burglary. The caller stated there were three male suspects and identified one of them by name. As for the second suspect, the caller stated he was wearing a black jacket, dark pants and a skull cap. As for the third suspect, the caller stated he was wearing a maroon jacket. This phone call was relayed to officers on patrol and several units arrived on the scene within minutes.
¶ 3. After noticing there were other officers located in the front of Gaston's house, Lieutenant Graise and Officer Brooks traveled around to a parallel street located immediately behind the rear of the house in order to set up a perimeter. Brooks exited the patrol car and proceeded behind the house. There, he observed a male suspect wearing a black jacket and dark pants leave Gaston's house through the patio door and jump over a chain link fence onto the adjacent property. Brooks observed the suspect nervously pacing back and forth in the adjacent yard. The suspect then attempted to enter a work shed as Brooks and Officer White entered the yard through a gate and ordered him to lie on the ground.
¶ 4. After the suspect was apprehended, he was identified as Phinisee. A search for the two other suspects proved to be unsuccessful. By this time, Investigator Cannon was at the crime scene. Cannon *990 took photographs and dusted for prints. There was evidence the rear patio door had been forced open and the interior of the house was in disarray. Two large televisions were located on the floor right next to the rear patio door.
¶ 5. Gaston was notified of the incident and returned home to complete an inventory. She then proceeded to the police station and notified Cannon that two phones had been taken from the house.
¶ 6. Phinisee was indicted for the burglary of a dwelling house pursuant to Mississippi Code Annotated Section 97-17-23. At his arraignment, Phinisee pled not guilty. A trial was held, and at the close of the State's evidence, Phinisee moved for a directed verdict. The trial judge denied this motion. Phinisee's counsel then requested a brief recess in order to advise his client as to his right against self-incrimination. Both men then returned to the courtroom where counsel announced that Phinisee would not take the stand. The trial court asked Phinisee if this was indeed his decision to which he affirmatively replied.
¶ 7. The jury convicted Phinisee and he moved for a judgment notwithstanding the verdict, or in the alternative, a new trial. The trial court denied this motion and sentenced Phinisee as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-81. Thereafter, Phinisee perfected this appeal.

LEGAL ANALYSIS

I. WHETHER THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 8. In raising a claim for ineffective assistance of counsel, an appellant must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106, 1114 (¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Phinisee has the burden of proving both of the elements under Strickland. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 9. In addition, there is a "strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." Id. In order to overcome this presumption, the appellant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Finally, our decision as to whether counsel's efforts were effective is based on the totality of the circumstances. McQuarter, 574 So.2d at 687.
¶ 10. Phinisee raises several allegations against his counsel. First, Phinisee argues counsel provided ineffective assistance in preparing for trial. In support of this argument, Phinisee alleges his counsel only met with him three times and failed to explain the options as far as pleading guilty or going to trial. Namely, counsel failed to explain that Phinisee would be charged as a habitual offender.
¶ 11. Second, Phinisee argues counsel provided ineffective assistance during jury selection. In support of this argument, Phinisee alleges his counsel prohibited him from participating in voir dire and failed to exercise challenges against certain prospective jurors.
¶ 12. Finally, Phinisee argues counsel provided ineffective assistance at trial. In support of this argument, Phinisee alleges counsel inadequately cross-examined the State's witnesses, erroneously advised him *991 not to testify and failed to present a defense.

A. Trial Preparation
¶ 13. As to counsel's alleged errors in preparation for trial, we find no error. Phinisee has failed to direct our attention to any supporting evidence in the record. This Court has held that each case must be decided by the facts shown in the record, not assertions in the brief. Walker v. State, 823 So.2d 557, 561(¶ 6) (Miss.Ct.App. 2002). As a result, we are unable to consider the assertions.

B. Jury Selection
¶ 14. As to counsel's alleged jury selection errors, we also find no error. The entire jury selection process is included in the trial transcript. We find no indication that Phinisee was prohibited from participating in the selection process.
¶ 15. In addition, counsel's decision to challenge or decline to challenge prospective jurors will not constitute a basis for ineffective assistance of counsel unless the decision is "so ill chosen that it permeates the entire trial with obvious unfairness." Burns v. State, 813 So.2d 668, 675-76 (¶ 22) (Miss.2001). In the present case, Phinisee's counsel actively participated in selecting the jury by efficiently striking certain prospective jurors during voir dire. Moreover, Phinisee's attorney explicitly questioned suspected jurors regarding their ability to render an impartial verdict. The record indicates that one prospective juror's response was somewhat equivocal. Phinisee's counsel, however, elected to use a strike as to this particular veniremen. We find counsel's decisions regarding jury selection proper.

C. Trial
¶ 16. Finally, we find no error with counsel's performance at trial. The record indicates counsel was effective in revealing discrepancies in the officers' testimony regarding Phinisee's movement, the color of his jacket, and the absence of the skull cap.
¶ 17. Phinisee also argues that counsel erroneously advised Phinisee not to testify and should have called his cousin as a witness in his defense. Phinisee has failed to state why his counsel's advice was erroneous. The record indicates that Phinisee's counsel requested a short recess to advise his client regarding his Fifth Amendment right against self-incrimination. After the two men returned to the courtroom, the following transpired:
Counsel: Your Honor, I have discussed with Mr. Phinisee his right to testify if he decided as well as his right to remain silent. He has stated that he does not wish to testify. And again, I explained to him that he did have that right, but he said he did not want to.
The Court: Mr. Phinisee, I'd like to make sure that that is your choice.... It is my understanding that you are deciding not to. And I just want to make sure. You have any questions about your right to testify? Your right to remain silent?
Phinisee: No, ma'am.
¶ 18. Moreover, "[t]he mere failure to call witnesses for the defense, standing alone, does nothing to demonstrate ineffective assistance of counsel." Magee v. State, 744 So.2d 379, 381(¶ 8) (Miss.Ct.App. 1999). It is common for criminal trials to end in a defendant's verdict where the defense puts on no evidence and, in summation, affirmatively uses the decision not to put on any evidence as a means of emphasizing the weakness of the prosecution's evidence. Id.
¶ 19. We find Phinisee's counsel rendered effective assistance throughout the *992 trial. Phinisee has failed to show prejudice and that, but for counsel's errors, the outcome would have been different. As a result, we find Phinisee's first issue to be without merit.

II. WHETHER THE VERDICT WAS SUFFICIENTLY SUPPORTED BY THE EVIDENCE
¶ 20. Phinisee argues that the trial court erroneously denied his motion for a directed verdict and his motion for a judgment notwithstanding the verdict. In reviewing the sufficiency of evidence, our case law is well settled.
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidencenot just that supporting the prosecutionin the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may be reasonably drawn from the evidence. If the facts and the inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, reversal and discharge are required. On the other hand, if there is in the record such substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
Moody v. State, 841 So.2d 1067, 1092 (¶ 73) (Miss.2003).
In other words, once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
May v. State, 460 So.2d 778, 781 (Miss. 1984) (citing Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983)).
¶ 21. At trial, Officer Brooks testified that he observed Phinisee leave Gaston's house through the rear patio door and jump into the adjacent yard. Brooks also observed Phinisee's attempts at evading capture. This testimony was corroborated by Lieutenant Graise.
¶ 22. Investigator Cannon testified that the rear patio door had been forced open with some sort of tool. Cannon also testified that two large televisions were dragged from other rooms and placed near the door that had been forced open.
¶ 23. Furthermore, Gaston testified that she gave no one permission to be inside her house on the day in question and that she did not leave her house in the condition in which it was found. Gaston also testified that she learned two phones were missing from her house after she completed an inventory.
¶ 24. In accepting the evidence in the light most favorable to the State, this Court finds there was sufficient evidence presented through the testimony of the State's witnesses to allow the jury to decide Phinisee was guilty as charged for the burglary of Gaston's house. Moreover, considering all of the evidence in the record and giving the State the benefit of all favorable inferences that may be reasonably drawn from the evidence, and taking all the aforementioned evidence as true, reasonable men could have found Phinisee guilty. As a result, we find Phinisee's final issue to be without merit.
*993 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AS A HABITUAL OFFENDER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FIVE YEARS ON POST-RELEASE SUPERVISION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.