979 So.2d 713 (2007)
Timothy R. SHARP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01407-COA.
Court of Appeals of Mississippi.
October 23, 2007.
Rehearing Denied January 29, 2008.
Timothy R. Sharp, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Timothy R. Sharp was convicted of one count of sexual battery and one count of fondling in the Circuit Court of Itawamba County on January 17, 2001. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections *714 for the sexual battery conviction, with ten years suspended, and five years for the fondling conviction, to run concurrently with the twenty years he had to serve. On October 26, 2004, the supreme court granted Sharp leave to proceed in the trial court on his claim that he received ineffective assistance of counsel, under the assertion that his counsel failed to call a medical professional to testify that a bicycle accident had caused the child victim's injury. Sharp alleged that the child received medical treatment from a bicycle injury prior to his arrest that could have countered the prosecution's expert testimony regarding the physical evidence of sexual abuse. A hearing was held on Sharp's post-conviction relief motion. On July 25, 2006, the trial court dismissed Sharp's PCR motion. Aggrieved, he appeals, asserting that the court erred in denying him relief from his claim of ineffective assistance of counsel. Finding no error, we affirm.

FACTS
¶ 2. On November 21, 2000, an Itawamba County grand jury indicted Sharp for sexual battery and fondling. A trial was held, where Sharp was represented by David Daniels, and the jury found Sharp guilty on both counts of the indictment. On January 17, 2001, the trial court entered a final judgment and sentenced Sharp to a term of thirty years for the sexual battery conviction, with ten years suspended, and five years for the fondling conviction, which was to run concurrently with the twenty-year sentence, in the custody of MDOC.
¶ 3. On October 26, 2004, the supreme court granted Sharp leave to proceed in the trial court on his claim that Daniels' assistance at trial was ineffective, and that Sharp was entitled to a hearing regarding his claim that Daniels failed to call a medical professional who could have countered the prosecution's expert testimony regarding the physical evidence of sexual abuse. Sharp alleged that the child's injury was the result of a bicycle accident that occurred prior to his arrest and that she had received medical treatment for that injury. The supreme court held that "all other issues raised in the petition are without merit."
¶ 4. On June 27, 2005, the supreme court dismissed Sharp's PCR motion, finding that Sharp had failed to file his PCR motion in the trial court. The supreme court held that Sharp should be allowed thirty days to file his PCR motion with the trial court. On July 6, 2005, Sharp filed his motion with the trial court in which he asserted he received ineffective assistance by his court-appointed attorney, Daniels. While he asserted several reasons for Daniels' ineffectiveness, the supreme court had limited Sharp's hearing to Daniels' failure to call a medical professional and/or provide medical evidence to support Sharp's claim that the child's injury was from a bicycle accident. Sharp claimed that the child received medical treatment when she injured herself in a "straddle accident" on her bicycle; furthermore, there were medical records to support this incident. Sharp asserted that had Daniels presented evidence of the alleged injury, Sharp's trial result would have been different. A hearing was held on July 25, 2006, and afterward the court dismissed Sharp's motion in a bench ruling.[1] The order stated that Sharp failed to show that there existed a "reasonable probability that having said testimony would have changed the result of the proceedings."
*715 ¶ 5. On August 24, 2006, Sharp filed his notice of appeal and on September 19, 2006, filed his appeal, arguing that the trial court erred by dismissing his PCR motion and by not granting him relief on his claim of ineffective assistance of counsel.

STANDARD OF REVIEW
¶ 6. In reviewing the trial court's decision to dismiss a motion for post-conviction relief, we will reverse if the movant can substantially show that the claim is procedurally viable due to a denial of a state or federal right. Gaston v. State, 922 So.2d 841, 843(¶ 5) (Miss.Ct.App.2006) (citing Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999)). Furthermore, we will not reverse absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(8) (Miss.1999)). However, where questions of law are raised, the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052, 1053(4) (Miss.Ct.App.2000).

ISSUE AND ANALYSIS
I. Whether the trial court erred when it dismissed Sharp's post-conviction relief motion.
¶ 7. The test for ineffective assistance of counsel is well known and requires a showing of deficiency in the performance of counsel and prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bell v. State, 879 So.2d 423, 430 (Miss.2004). To bring a successful claim for ineffective assistance of counsel, pursuant to the court's ruling in Strickland, the defendant must prove that his attorney's overall performance was deficient and that this deficiency deprived him of a fair trial. Strickland, 466 U.S. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Perkins v. State, 487 So.2d 791, 793 (Miss.1986)). We must be mindful of the "strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003).
¶ 8. Sharp asserts that the trial court was in error when it dismissed his motion for post-conviction relief, in which he claimed he received ineffective assistance of his court appointed trial counsel, David Daniels. Sharp insists that the trial court "failed to give appellant's argument fair consideration, and appellant has never been allowed any opportunity to present evidence in his favor, at trial, or direct appeal, or the post-conviction hearing." Sharp acknowledges that his counsel during the hearing on the PCR motion, Basham, did obtain the medical records his argument relies on but that she "failed to put together a physical evidence argument." Although, Sharp's reply brief contains a letter, marked "Exhibit 1," dated December 29, 2005, from Basham indicating that she had subpoenaed the medical records for the child in question and had a nurse translate them. She states, "there was no mention in the records of a bicycle accident." Basham also indicates in the December 29 letter that, per Judge Gardner's request, she had forwarded the medical documents to his office. The court held a hearing on the PCR motion for *716 ineffective assistance of counsel on July 25, 2006. The State presented testimony by David Daniels and Basham presented Sharp's testimony. The trial court dismissed the motion after hearing the testimony presented, finding that Sharp had not met the standard of proof established in Strickland for a successful ineffective assistance of counsel claim. We agree.
¶ 9. After reviewing the record before us, we do not find that the trial court was in error when it dismissed Sharp's PCR motion. The record does not indicate that Daniels' representation of Sharp was deficient in any way, nor that Sharp's trial would have ended with a different result had Daniels presented a medical professional's testimony regarding Sharp's insistence of an alleged bicycle accident. Furthermore, according to the record, Ms. Basham did subpoena the child's medical records and the trial judge had them in his possession at the time of Sharp's hearing on the ineffective assistance of counsel claim. Moreover, "the mere failure to call a witness for the defense, standing alone, does nothing to demonstrate ineffective assistance of counsel." Phinisee v. State, 864 So.2d 988, 991-92(¶ 18) (Miss.Ct.App. 2004) (citing Magee v. State, 744 So.2d 379, 381(¶ 8) (Miss.Ct.App.1999)). It is common in criminal trials for the defense to put on no evidence and, in summation, affirmatively uses the decision not to put on any evidence as a means of emphasizing the weakness of the prosecution's evidence. Id. Accordingly, we find the trial court did not err when it dismissed Sharp's PCR motion for relief. This issue is without merit.
¶ 10. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Lori Nail Basham was appointed to represent Sharp for his hearing on the PCR motion.