LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On February 22, 2006, Sheriff Charlie Crumpton and Chief Deputy Marty Patterson were traveling east on Highway 28 in the southwestern part of Smith County when a vehicle veered into their lane. Sheriff Crumpton and Chief Deputy Patterson conducted a traffic stop. Sheriff Crumpton testified that upon approaching the driver’s side of the vehicle, he noticed that the driver, Christina Barnett, was “almost belligerent,” “extremely agitated,” and “nervous.” He further testified that Barnett screamed and yelled at him as he placed her under arrest for careless driving.
¶ 2. Chief Deputy Patterson testified that he approached the vehicle on the passenger’s side. When the passenger lowered the window, Patterson “detected the odors of crystal methamphetamine immediately coming from inside the vehicle.” Patterson asked the passenger, Cynthia McCallum, if there were narcotics or anything illegal in the vehicle. She replied that there was not. A search incident to arrest was performed on the vehicle. In a small black leather bag between the passenger’s and driver’s seats, Patterson found what appeared to be methamphetamine. McCallum later admitted that she was guilty of possessing methamphetamine and entered into a plea agreement.
¶ 3. Barnett was tried and found guilty by a jury in the Circuit Court of Smith County of possession of methamphetamine in violation of Mississippi Code Annotated section 41-29-139 (Rev.2005). She was sentenced to serve five years in the custody of the Mississippi Department of Corrections. Barnett filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial, which was denied. Barnett now appeals, asserting that the State failed to prove that she exerted control over or constructive possession of the methamphetamine for which she was arrested.
¶ 4. Finding no error, we affirm.
DISCUSSION
I. DID THE CIRCUIT COURT ERR IN DENYING BARNETT’S MOTION FOR A JNOY?
¶ 5. Barnett argues that her motion for a JNOV should have been granted because the State failed to prove that she had constructive possession of the methamphetamine or of the bag where the methamphetamine was found.
¶ 6. “A motion for judgment notwithstanding the verdict implicates the sufficiency of the evidence.” Ginn v. State, 860 So.2d 675, 684(¶31) (Miss.2003). In reviewing the sufficiency of the evidence, “all evidence supporting a guilty *1073 verdict is accepted as true, and the [State] must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence.” Bell v. State, 910 So.2d 640, 646(¶16) (Miss.Ct.App.2005) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). “When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited.” Phinisee v. State, 864 So.2d 988, 992(¶20) (Miss.Ct.App.2004) (quoting Moody v. State, 841 So.2d 1067, 1092(1173) (Miss.2003)). “If the facts and the inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, reversal and discharge are required.” Id.
¶ 7. Because the methamphetamine was not found on Barnett’s person, the State had the burden of proving that Barnett was in the constructive possession of the narcotics. “Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant.” Roberson v. State, 595 So.2d 1310, 1319 (Miss. 1992). “[TJhere must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it.” Curry v. State, 249 So.2d 414, 416 (Miss. 1971).
¶ 8. In addition to proving constructive possession, the State was also required to show “additional incriminating facts” that connected Barnett with the methamphetamine since the methamphetamine was not found on premises in her “exclusive control and possession.” Ginn, 860 So.2d at 685(1132). The car was not in Barnett’s exclusive possession and control because she was not the owner of the car, and McCallum was also in close proximity to the narcotics.
¶ 9. The State called Sheriff Crumpton, Chief Deputy Patterson, and McCallum to testify regarding Barnett’s connection to the narcotics. Patterson testified that when the passenger window was lowered, he “detected the odors of crystal methamphetamine immediately coming from inside the vehicle.” Sheriff Crumpton and Patterson testified that Barnett was “almost belligerent,” “extremely agitated,” and “nervous,” and that these traits were consistent with those of a person using methamphetamine. When questioned about the substance in the black bag, McCallum told Patterson that she and Barnett had bought it from a black male named “M.B.” Patterson also testified that Barnett told him she and McCallum had gone to meet a black male named “M.B.” to purchase crystal methamphetamine. Finally, McCallum gave the following testimony:
Q: Whose meth was this that was found in the car that’s introduced into evidence today?
A: It was a bag that we had both been doing it out of the night before and that morning.
¶ 10. Accepting as true all the evidence supporting the guilty verdict, we cannot find that the circuit court erred in denying Barnett’s motion for a JNOV. We find that the State proved additional factors sufficient to show that Barnett had constructive possession of the narcotics. This issue is without merit.
II. DID THE CIRCUIT COURT ERR IN DENYING BARNETT’S MOTION FOR A NEW TRIAL?
¶ 11. Barnett argues that she should have been granted a new trial be *1074 cause the verdict was against the overwhelming weight of the evidence. In support of her argument, Barnett points out that McCallum claimed ownership of the bag, most of the narcotics were found on McCallum’s person and in her clothes, and McCallum testified that Barnett was not present when she purchased the narcotics.
¶ 12. A motion for a new trial falls within a lower standard of review than for a motion for a JNOV. Ginn, 860 So.2d at 685(¶ 81). “A motion for a new trial simply challenges the weight of the evidence.” Id. “[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). Furthermore, the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 13. Given the testimony discussed above, we cannot find that allowing the verdict to stand “would sanction an unconscionable injustice.” Bush, 895 So.2d at 844(¶ 18). We find that the evidence presented at trial was not such that reasonable and fair-minded jurors could only find Barnett not guilty, nor was the verdict contrary to the overwhelming weight of the evidence. Therefore, we find Barnett’s contentions to be without merit.
¶ 14. THE JUDGMENT OF THE SMITH COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SMITH COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.