CRAWFORD v. STATE.

(Division A.   Oct. 8, 1923.)

[97 South. 534.   No. 23551.]

CRIMINAL LAW. *What constitutes "aiding and abetting" in commission of crime stated.*

> In order for one to aid and abet the commission of a crime, he must do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime. Consequently being present at the commission of a crime, even with the intention of assisting in its commission, if necessary, does not make one an aider and abettor thereof, unless his intention to render such assistance was known to the perpetrator of the crime.

APPEAL from circuit court of Claiborne county.
HON. E. L. BRIEN, Judge.

James Crawford was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

*R. B. Anderson*, for appellant.

Appellant was convicted of aiding and abetting the crime of manufacturing liquor. Would it not be necessary for the state in this case to show that the defendant did something more than taste the liquor and drink some of it?

The first instruction given the state tells the jury to convict if they believe from the evidence beyond a reasonable doubt that Crawford "aided others" in making liquor. What "others" was meant? Anybody? The jury may have thought that if he visited the still and tasted the liquor and said it was too hot, that he was making liquor himself at some other place. It is submitted that the instruction should have named the persons who were being aided or abetted.

Again, the instruction should have contained the word "feloniously." This word formed a part of the crime charged and should have been set out in the instruction. A man might well taste liquor or kick a chunk under a fire or even pour water in a barrel thoughtlessly, without being guilty of the felonious making of liquor. *Dedeaux* v. *State,* 87 So. 664.

A further instruction is in these words: "The court further instructs the jury that aiding and abetting is the offense committed by those who, although not direct perpetrators of a crime, are yet present at its commission, doing some act to aid the perpetrator. Such abetting may be manifested by acts, words, signs, motions or any conduct which unmistakably evinces a design to encourage, incite, or approve of the crime or even by being present with the intention of giving assistance, if necessary, though such assistance may not be called into requisition." This instruction should not have been given. In the first place it is an abstract proposition and not applicable to the facts of this case; at least, it is so broad that the jury was virtually left free to convict appellant even if he approved of making liquor. *Harper* v. *State,* 35 So. 572. This instruction told the jury they might convict if they

believed the accused was present with the intention of "giving assistance, if necessary."

There is no evidence of his being present with the intention of giving assistance. The testimony of Dungan shows that he, Dungan, proposed to Crawford that they go to the still. The mere presence of a person at the scene of a crime, even with the intention of aiding if necessary, is not a felony unless there is some pre-arrangement with the perpetrator. *Jones* v. *State* (Ala.), 57 So. 31; 1 Wharton Criminal Law, par. 210. The instruction was further objectionable because it nowhere appears that the perpetrators of the offense were "encouraged, incited, or assisted" or that any "approval" of defendant had any influence or effect upon them.

*S. C. Broom,* assistant attorney-general, for the State.

The assignment of errors will be treated in order: (I.) That the evidence was insufficient to warrant a conviction. The still was there; the whiskey was made; Crawford was there; witnesses testified that appellant sampled the liquor and commented upon its quality, thus indicating proprietorship or supervision over the proceedings; they also testified that he poured water on the coil, and some testified that he stirred the mash and kicked up the fire. There is ample evidence to show that on this occasion the defendant did aid and abet and assist materially in the manufactury of this three and one-half gallons of whiskey. This question of fact was submitted to the jury and they are the sole judges of the credibility of the witnesses. So unless fatal error was committed in the instruction to the jury, the verdict must stand, and that brings us to the second assignment of error.

II. Appellant complains of the first instruction given the state. The first criticism of this instruction is that if the jury believed beyond a reasonable doubt that appellant aided and abetted "others" in making or manufacturing, etc. This criticism is without merit because

the whole record discloses that "others" were connected in the manufacture of this liquor on that occasion and the record discloses who the "others" were. There is nothing misleading about this; there is nothing uncertain about it, and I repeat that this criticism is without merit. The last paragraph of this instruction does take in considerable territory, but as an abstract legal proposition it approximately states the law applicable to an accessory before the fact, which is synonymous with aiding and abetting. The instruction is simply based on the theory that on this occasion the appellant was present aiding and abetting the manufacture of this liquor, and it tells the jury that evidence going to prove that he was aiding and abetting in the manufacture of this liquor may be manifested by acts, words, signs, motions or any conduct which unmistakably evinces a design to encourage, incite, or approve of the crime. All of these things go to prove that he was aiding and abetting.

It is a matter of common knowledge that it frequently happens that when officers raid a still the operators flee from the officers. The only evidence they have is the still, the mash, perhaps the liquor. They are frequently unable to prove any overt act on the part of any individual. Under such circumstances we are to assume that the act of fleeing from the officers is an indication on the part of all of them that they were all connected with the manufacture of this liquor. If the true test was in such cases. the ownership of the still, then there never could be but one conviction in one case, because when captured redhanded in the act of manufacturing, one man could assume sole ownership and entire responsibility and all the others go free. Records without error are practically unknown. The true test is, has substantial justices been done. Rule 11 of this court is as follows: "No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear from the whole record,

that such judgment has resulted in a miscarriage of justice." All things considered, we earnestly insist that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for manufacturing intoxicating liquor. There was evidence on the part of the state to the effect that the appellant was present when liquor was being manufactured and participated therein. He admitted being present, but disclaimed any participation in the manufacture of the liquor.

At the request of the state the court charged the jury to convict the appellant if he aided and abetted others in manufacturing the liquor, and that "such abetting may be manifested . . . by being present with the intention of giving assistance if necessary, though such assistance may not be called into requisition." In order for one to aid and abet the commission of a crime, he must do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime. Mere presence, even with the intention of assisting in the commission of a crime cannot be said to have incited, encouraged, or aided the perpetrator thereof, unless the intention to assist was in some way communicated to him. The law does not punish intent which is without influence on an act. The instruction should not have been granted.

*Reversed and remanded,*