IRVING, J.,
for the Court.
¶ 1. Jonathan Smith was convicted of armed robbery by a Leflore County jury. He was sentenced to ten years in the custody of the Mississippi Department of Corrections, with six and one-half years to serve, and three and one-half years suspended on the condition that he completes three and one-half years of post-release supervision. Smith now appeals and presents the following issue for review: whether the verdict of the jury was contrary to the overwhelming weight of the evidence. Finding no reversible error, we affirm his conviction.
FACTS
¶ 2. On the night of October 17, 2001, a masked man brandishing a gun entered the Shell-Go service station in Greenwood and ordered the two cashiers in the store at the time, Marcus Campbell and Veronica Williams, to give him all of the store’s *1155 money from the safe and register. Williams complied and gave the' man all of the cash money and the food stamps. After instructing the two cashiers to go to the back of the store, the assailant walked out of the store and across the parking lot into a wooded area.[1] As he [the assailant] was leaving, a customer, Nathan Moore, drove up to the store. Campbell informed him that the store had just been robbed.[2] Moore followed the suspect in his car and provided law enforcement officers with the car’s tag number. The car was registered to Timothy Smith, Smith’s brother.[3] Smith was arrested after police found money and a gun during a search of his girlfriend’s house.
¶ 3. After his arrest, Smith gave a statement to police explaining that he was at home with his girlfriend when his brother stopped by and asked him to ride with him. He stated that the two of them decided to ride to Tchula and that after they rode around for a while, they stopped to get gas before heading to Greenwood. Smith claimed that when they arrived in Greenwood, he and his brother initially passed the Shell-Go service station but later turned around and went back to it. Smith also claimed that he went into the store to buy a beer, and shortly thereafter, he and his brother left the store and headed back toward Tchula. They turned around a second time and returned to the store. Smith related what happened as follows:
We went in to a little turn area and he told me to go up the road so they wouldn’t see the car. He was getting out the car when he told me this. I pulled off and parked up the road. I sat there about 30 to 45 minutes at the most. Timothy came to the car and said let’s ride. He was breathing kind of hard. So we pulled off headed toward Tchula. As we were driving, we noticed this van behind us. Timothy told me to slow down and let the van pass. As we slowed down the van turned around and headed back toward Greenwood.
Additional facts will be related during our discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. Smith contends that the verdict was against the overwhelming weight of the evidence. He claims that his brother was the one who actually went into the store and robbed the clerks while he stayed in the car at the scene, and that at most, he knew or either should have known that a crime was being committed but did not participate in the commission of the crime.
¶ 5. Our standard of review for claims that a conviction is against the overwhelming weight of the evidence or that the trial court erred in not granting a motion for a new trial has been stated as follows:
[This Court] must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow *1156 it to stand would sanction an unconscionable injustice.
Todd v. State, 806 So.2d 1086, 1090 (¶ 11) (Miss.2001) (quoting Crawford v. State, 754 So.2d 1211, 1222 (Miss.2000)).
¶ 6. We find that the facts in this case, and the logical inferences to be drawn therefrom, strongly point toward Smith’s guilt. At trial, Patricia Defreese, the store’s manager, testified that a cash audit done on the register after the robbery to determine the amount of money taken revealed a deficit of approximately $465. Further, Moore, the customer who arrived at the store immediately after the robbery, testified that when he arrived at the store, he saw someone walking across the store’s parking lot in the direction of the woods. He also provided law enforcement authorities with a tag number of the car which Smith was driving. Additionally, police also recovered a gun, thirty one-dollar bills and fifteen one-dollar food stamps located in a shoe box in Smith’s girlfriend’s apartment. Smith’s girlfriend testified that neither the gun nor the money belonged to her and that Smith must have brought them to her residence.
¶ 7. Therefore, considering the evidence presented by the State in support of Smith’s conviction, and its substantial weight against him, we' are not persuaded that the verdict is so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice.
¶ 8. As to Smith’s claim that his brother was the one who actually committed the crime, it is sufficient to say that the State proved that Smith was at least guilty of being an accessory before the fact, having aided and abetted his brother. In order to aid and abet the commission of a crime, one must do something that will “incite, encourage, of assist the actual perpetrator in the commission of a crime.” King v. State, 857 So.2d 702, 728(¶ 90) (Miss.2003) (quoting Crawford v. State, 133 Miss. 147, 97 So. 534 (1923)). Here, even if Smith did not actually go into the store and commit the robbery as he claims, one could logically conclude that he actively participated in the armed robbery as a look out or driver of the getaway car. Smith’s admission to police of complying with his brother’s request to move the car so that it could not be seen and his waiting in the car for thirty to forty-five minutes before his brother came back, make him just as culpable as his brother. Consequently, we find the trial court did not abuse its discretion in denying Smith’s motion for a new trial.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SIX AND ONE-HALF YEARS TO SERVE AND THREE AND ONE-HALF YEARS SUSPENDED ON THE CONDITION THAT DEFENDANT COMPLETES THREE AND ONE-HALF YEARS POST-RELEASE SUPERVISION AND PAY $500 TO THE CRIME VICTIMS COMPENSATION FUND IS. AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. A sheriff deputy testified that a K-9 dog was brought in to track the wooded area after the robbery. The deputy further testified that a black stocking cap and $105 in cash were recovered.

. Moore testified that as he was entering the store's parking lot, he noticed a parked car located down the road from the store with its emergency flashers on. He further testified that when he left the store, he noticed that the car he had previously seen had left.

.Timothy Smith was co-indicted with Smith, but he is not involved in this appeal.