MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Douglas Hill (Hill) was found guilty in the Circuit Court of Harrison County of felony child abuse and sentenced to twenty years in prison. Douglas appeals his conviction, claiming that: (1) the trial court erred by failing to grant his motion to sever his trial from his co-defendant, wife, Damita Hill (Damita); (2) the trial court erred by not allowing him to instruct the jury as to a “two-theory” circumstantial-evidence case; and (3) the trial court erred by failing to grant his motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, for a new trial. Finding no merit in any of his contentions, we affirm Hill’s conviction and sentence.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On June 29, 2004, Douglas and Da-mita Hill took their nine-week-old son, Jalen Hill, to the emergency room at Kessler Air Force Base in Biloxi, Mississippi. Hill awoke that morning about 10:00 a.m. to find his son unresponsive. He immediately called his wife, Damita, who was working at the time. She rushed home to take Jalen to the hospital.
 
 [1]
 

 ¶ 3. At the emergency room, Jalen was initially examined by Dr. Jennifer Stangle, a pediatrician. Dr. Stangle was initially told that Jalen had some swelling around his left eye, that his heart rate had been dropping, and that Jalen had vomited a couple of times. Upon examining Jalen, Dr. Stangle noticed that Jalen had swelling around his left eye, on his scalp, on the back of his head, and on his right cheek. She also saw bruising on Jalen’s back and his lower buttock area. A CAT scan was ordered and found that Jalen had bleeding in multiple places on his brain that were a result of recent injuries to his head.
 
 [2]
 
 Dr. Stangle also noted that Jalen’s liver enzymes were heightened, signifying an injury to his liver. Dr. Stangle also ordered x-rays for Jalen; the x-rays revealed an old rib fracture, two new leg fractures, and another old leg fracture.
 

 ¶ 4. Dr. Stangle and Dr. Weintraub opined that the bleeding on Jalen’s brain was likely due to a significant amount of blunt force trauma, a significant strike to his head, or someone shaking Jalen very aggressively. Both doctors testified that
 
 *1095
 
 these injuries could not have been self-inflicted.
 
 [3]
 
 The injuries were so severe and extensive that Dr. Weintraub believed that neither hitting Jaleris head on the side of the crib nor dropping him on the floor would have caused these types of injuries. The doctors further noted that the types of fractures on Jaleris legs are usually caused by a very hard jerking or yanking and a twisting force on the bone. In their opinion, the new fractures on Jaleris legs occurred within several days prior to their examination, and the mark on the side of Jaleris head and face occurred, at most, within six to twelve hours of them seeing Jalen. Ultimately, Dr. Stangle concluded that Jaleris injuries were the result of child abuse.
 

 ¶ 5. Due to Jaleris age, the nature of his injuries, and the location of the incident, an internal investigation was conducted by the Air Force and its personnel.
 
 [4]
 
 Hill and Damita were questioned separately by a different investigator. Both denied ever abusing Jalen. However, Damita, admitted striking Jalen with her hand and hitting his head on the side of his crib when she put him down to sleep. Damita characterized the severity of hitting his head on the crib as an “eight out of ten.”
 

 ¶ 6. Ultimately, both Hill and Damita were indicted for felony child abuse pursuant to Mississippi Code Annotated section 97-5-39(2) (Rev.2006). Hill filed a motion to sever his case from Damita, but it was denied by the trial court. However, the trial judge stated, in his ruling on the motion, that Hill could renew his motion if, during the testimony, the requirements for a severance were met. Hill failed to renew his motion during trial. The jury convicted Hill and Damita of felony child abuse. Both were sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Hill subsequently filed a motion for a JNOV or, alternatively, for a new trial, both of which were denied by the trial court. Aggrieved, Hill appeals his conviction.
 

 DISCUSSION
 

 I. WHETHER THE TRIAL COURT ERRED BY NOT GRANTING HILL’S MOTION TO SEVER.
 

 ¶ 7. “[An] appellate court is not required to address issues that are not objected to at trial and preserved for appeal.”
 
 Chasez v. Chasez,
 
 957 So.2d 1031, 1038(¶ 16) (Miss.Ct.App.2007). Hill filed a pretrial motion to sever his case from Da-mita’s. The trial judge denied the motion, but ruled that Hill could renew his objection at trial if Damita attempted to exonerate herself and accuse him of the crime during her testimony. Damita testified about how the couple cared for Jalen and the events that led to Jalen being in the hospital. At no point did Hill object to Damita’s testimony and renew his motion to sever. Therefore, because Hill failed to object to Damita’s testimony and renew his motion to sever, he failed to preserve this issue for appeal.
 
 Id.
 
 Accordingly, this issue is procedurally barred on appeal.
 

 ¶ 8. Even if this issue was properly preserved, Hill’s argument fails. Rule 9.03 of the Uniform Rules of Circuit and County Court provides that “[t]he granting or refusing of severance of defendants in cases not involving the death penalty shall be in the discretion of the trial judge.”
 
 See also King v. State,
 
 857 So.2d 702, 716(¶ 19) (Miss.2003). “[T]he decision whether to grant a severance depends on
 
 *1096
 
 whether the severance is necessary to promote a fair determination of the defendant’s guilt or innocence.”
 
 Carter v. State,
 
 799 So.2d 40, 44(¶ 13) (Miss.2001). The trial court must consider: (1) whether or not the testimony of one co-defendant tends to exculpate that defendant at the expense of the other defendant, and (2) whether the balance of the evidence introduced at trial tends to go more to the guilt of one defendant rather than the other.
 
 Duckworth v. State,
 
 477 So.2d 935, 937 (Miss.1985). “The overarching consideration when evaluating these factors is whether the defendants would be prejudiced by a joint trial.”
 
 Sanders v. State,
 
 942 So.2d 156, 159 (¶ 15) (Miss.2006).
 

 ¶ 9. Both Hill and Damita testified in them own defense. While testifying, the prosecutor specifically asked both defendants who injured their child; Hill maintained that he did not injure Jalen and stated twice that Damita was not the guilty party. Damita responded that she did not know who had harmed Jalen. She did not explicitly or impliedly implicate Hill as the abuser, nor did she shift the blame to him. Damita had the opportune time to point the finger at Hill while exculpating herself, yet she failed to do so. Damita’s testimony only sought to lessen her responsibility for the crime, not accuse Hill of the crime. Thus, under the first
 
 Duckworth
 
 factor, a severance was not necessary.
 

 ¶ 10. Additionally, the balance of the evidence at trial went equally to the guilt of both Hill and Damita for abusing their son. During their testimony, neither pediatrician implicated one parent over the other for the abuse; it was equally balanced. The Air Force investigator testified that Damita admitted hitting Jalen’s head on his crib and slapping Jalen. These incriminating statements made by Damita during her interview may have tipped the weight of evidence toward her. However, the testimony of the Hills’ neighbor tipped the scales back to equilibrium. The Hills’ neighbor testified that in June 2004, he heard a male voice yell “shut up,” a slap or smacking sound, and then the sound of a baby crying coming from the Hills’ apartment, clearly implicating Hill as the abuser. This testimony by the Hills’ neighbor neutralizes the testimony of the Air Force investigator and equalizes the amount of evidence against Hill and Dami-ta.
 

 ¶ 11. Given the amount of evidence against Hill, we find that the trial court did not abuse its discretion in refusing to sever his trial. The evidence against Hill was sufficient to support the conviction of felony child abuse. Separate trials would not have altered the outcome of his trial; therefore, Hill was not prejudiced by being tried with his wife, as evidenced by them receiving the same sentence. Thus, we find that the trial court’s denial of the motion to sever was not an abuse of discretion.
 

 II. WHETHER THE JURY WAS PROPERLY INSTRUCTED AS TO A “TWO-THEORY” CIRCUMSTANTIAL-EVIDENCE CASE.
 

 ¶ 12. Hill argues on appeal that he was denied a circumstantial-evidence instruction in the case. Specifically, Hill contends the trial court erred by not granting jury instruction D-3, which read:
 

 The Court instructs the Jury that the prosecution’s contention that DOUGLAS DUVALL HILL committed Felony Child Abuse is based on circumstantial evidence. If there are any facts or circumstances subject to two interpretations, one favorable and the other unfavorable to defendant, and if after the jury has considered such facts or circumstances with all the other evidence, there is a reasonable doubt as to the
 
 *1097
 
 correet interpretation or explanation, you must resolve such doubt in favor of [the] defendant and place upon such acts or circumstances the interpretation or explanation favorable to the defendant.
 

 ¶ 13. “In determining whether error exists in granting or refusing jury instructions, the instructions must be read as a whole; if the instructions fairly announce the law and create no injustice, no reversible error will be found.”
 
 Martin v. State,
 
 854 So.2d 1004, 1009(¶ 12) (Miss.2003).
 

 ¶ 14. In
 
 Wilson v. State,
 
 936 So.2d 357, 365(¶ 23) (Miss.2006), our supreme court held:
 

 [T]wo-theory instructions should only be given in cases based entirely on circumstantial evidence.
 
 State v. Rogers,
 
 847 So.2d 858, 863 [(¶ 21)] (Miss.2003). We have defined circumstantial evidence as that which, without going directly to prove the existence of a fact, gives rise to a logical inference that such a fact exists.
 
 Id.
 
 A circumstantial [—] evidence case is one in which there is neither eyewitness testimony nor a confession to the crime.
 
 Id.
 

 ¶ 15. “With respect to jury instructions involving the issue of circumstantial evidence, ‘[where] all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant a jury instruction that
 
 every reasonable hypothesis other than that of guilt must be excluded in order to convict’
 
 ”
 
 Rubenstein v. State,
 
 941 So.2d 735, 785 (¶ 225) (Miss.2006) (emphasis added).
 

 ¶ 16. Reading the jury instructions as a whole, we find that the trial court adequately instructed the jury with regard to the circumstantial evidence being used to prosecute Hill. The trial court granted two jury instructions regarding circumstantial evidence, S-2 and D-4.
 
 [5]
 
 Both instructions contained language that every reasonable hypothesis other than that of guilt must be excluded in order to convict Hill of felony child abuse. There is no error “if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results.”
 
 Jordan v. State,
 
 912 So.2d 800, 820(¶ 70) (Miss.2005).
 

 ¶ 17. Reading the jury instructions as a whole, the jury was properly informed as to the applicable law, including the law related to a circumstantial-evidence case. Accordingly, we find that this assignment of error is without merit.
 

 III. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT THE DEFENDANT’S MOTION FOR A JNOV OR FOR A NEW TRIAL.
 

 
 *1098
 
 ¶ 18. Hill filed a post-trial motion for a new trial and for a JNOV; both were denied by the trial court. Hill asserts that the legal sufficiency and the weight of the evidence were unsupportive of the jury’s verdict. We will discuss each contention in detail.
 

 A. Sufficiency of the Evidence
 

 ¶ 19. Hill argues that his conviction was based primarily on circumstantial evidence. Hill notes that the only evidence against him was Damita’s testimony that Jalen was healthy when she left for work that morning, leaving Hill and Jalen alone. Hill maintains that the State failed to prove beyond a reasonable doubt that he was the person who caused the injuries to Jalen.
 

 ¶ 20. This Court’s review of the denial of a motion for directed verdict, or of a motion for a JNOV, is de novo.
 
 White v. Stewman,
 
 932 So.2d 27, 32(¶ 10) (Miss.2006). In
 
 Stewart v. State,
 
 986 So.2d 304, 308(¶ 12) (Miss.2008), our supreme court stated that in considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for a JNOV, the critical inquiry is whether the evidence shows “beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.”
 
 Id.
 
 at 308(¶ 12). However, the supreme court stated that:
 

 this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. If there is sufficient evidence to support a guilty verdict, the motion for a directed verdict must be overruled.
 

 Johnson v. State,
 
 950 So.2d 178, 182(¶ 13) (Miss.2007). If a review of the evidence reveals that it is of such quality and weight that, “having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,” the evidence will be deemed to have been sufficient.
 
 Edwards v. State,
 
 469 So.2d 68, 70 (Miss.1985).
 

 ¶ 21. In this case, the jury considered the evidence and returned a verdict against Hill. In viewing the evidence in the light most favorable to the prosecution, we find that a reasonable juror could have found Hill guilty of felony child abuse. Both doctors testified that Jalen’s injuries could not have been self-inflicted, and that Jalen’s injuries could only have been caused by a significant amount of force or trauma. Hill and Damita consistently testified that Hill was Jalen’s sole caretaker during the day while Damita was working. There was no evidence that Jalen had been cared for by anyone else other than Hill and Damita. Both doctors testified that some of Jalen’s injuries were very recent. Finally, the Hills’ neighbor testified that he heard a male voice, infer-ably Hill’s, shout “shut up,” a slapping sound, and the sound of a child crying emanating from the Hills’ apartment. The combination of all of this evidence could easily lead a reasonable juror to conclude that Hill abused his nine-week-old son, Jalen. “When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited.”
 
 Phinisee v. State,
 
 864 So.2d 988, 992(¶ 20) (Miss.Ct.App.2004). According
 
 *1099
 
 ly, we affirm the trial court’s decision to deny Hill’s motion for a judgment notwithstanding the verdict.
 

 B. Weight of the Evidence
 

 ¶ 22. Hill argues the court erred when it denied his motion for a new trial. Again, Hill cites to the circumstantial evidence against him as the basis for his contention. Hill also asserts that the jury convicted him because they were inflamed by Damita’s testimony, and its inconsistencies, and punished both parents because they could not definitively determine who abused Jalen.
 

 ¶ 23. An appellate court will only reverse a trial court’s denial of a motion for new trial when it amounts to an abuse of discretion.
 
 Ivy v. State,
 
 949 So.2d 748, 753(¶ 21) (Miss.2007). The supreme court held that:
 

 [wjhen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We have stated that on a motion for new trial, the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. However, the evidence should be weighed in the light most favorable to the verdict.
 

 Id.
 
 (quoting
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005)).
 

 ¶ 24. Considering the testimony we have already discussed, no new trial is warranted, as the jury’s verdict is consistent with the weight of the evidence. Sitting as the “thirteenth juror,” we find that the evidence, when weighed in the light most favorable to the verdict, supports the jury’s decision to convict. Accordingly, the trial court did not err in denying Hill’s motion for a new trial.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF FELONY CHILD ABUSE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . The couple only had one operating vehicle at the time.
 

 [2]
 

 . Dr. Benjamin Weintraub, the senior resident on the pediatric ward at Kessler Air Force Base on June 29, 2004, testified about the CAT scan results.
 

 [3]
 

 . Dr. Weintraub was tendered as an expert witness in pediatric medicine.
 

 [4]
 

 . The Hills resided at Kessler Air Force Base because Damita was in the Air Force at that time.
 

 [5]
 

 . S-2 provides in pari:
 

 If you find from the evidence in this case, beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistent with innocence, that: DOUGLAS DUVALL HILL .... did willfully, unlawfully, feloniously, and intentionally, .... abuse .... Jalen J. Hill .... then you shall find the defendant guilty of Felony Child Abuse.
 

 If the State failed to prove any one or more of these elements beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistent with innocence, then you shall find the Defendant not guilty of Felony Child Abuse.
 

 D-4 provides in part:
 

 The Court instructs the jury that because this case is based on circumstantial evidence, the burden of proof is greater than the burden of proof beyond a reasonable doubt. In order to find the Defendant, Douglas Duvall Hill, guilty of felony child abuse in this case, you must find the State has proven that the Defendant, committed each and every element of the crime of felony child abuse beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with the innocence of the defendant.