KING, C.J.,
for the Court:
¶ 1. Johnny Mclnnis was convicted in the Circuit Court of Jones County of burglary of a dwelling and sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Mclnnis appeals raising the following assignments of error: (1) the trial court erred in granting jury instruction S-2 because the evidence was insufficient to support the instruction, and (2) the trial court erred in denying defense counsel’s circumstantial-evidence jury instruction. While we find that the trial court erred in granting jury instruction S-2, we find that the error was harmless; thus, reversal or remand is not warranted. Therefore, we affirm the judgment of the trial court.
FACTS
¶ 2. On October 8, 2007, between 10:30 and 10:55 p.m., Hillary Kissenger was at home asleep when she heard an unfamiliar sound in her home. When Kissenger, who *908 was positioned in her bed with her back toward her bedroom door, heard the sound, she turned over to investigate. As Kissenger turned over, she saw a black man with a plain white T-shirt grab her purse off her dresser and run up the hallway. Instinctly, Kissenger hollered and jumped out of her bed and ran to get out of the house. When Kissenger saw the burglar run out the kitchen door, she turned on the kitchen light and called 911. As Kissenger relayed her account of the event to the 911 dispatcher, she was told by the dispatcher to stay on the line until a police officer arrived. Officer Shannon Carraway with the Laurel Police Department, who was two blocks away, responded to the call. Officer Carraway testified that she was alerted to be on the lookout for a stocky built black male wearing a white T-shirt. While traveling in the direction of Kissenger’s home, Officer Carr-away observed a burgundy car traveling in the opposite direction of Kissenger’s home, and the driver was a black male wearing a white T-shirt. Officer Carraway turned around and began to pursue the vehicle, which she believed to contain the alleged burglar. The vehicle, which was driven by Mclnnis, sped up, but after traveling about six blocks from Kissenger’s residence, the vehicle came to a stop at a residence identified as 24 College Drive in Laurel, Mississippi. The residence was neither Mclnnis’s nor his passenger’s, who was identified as Bonnie Woods Armstrong residence. During the stop, Officer Michael Thomas with the Laurel Police Department, who was assisting Officer Carraway at the scene of the stop, alerted Officer Carraway to three purses that were located on the front seat of the vehicle. Both Mclnnis and Armstrong were questioned about the purses. Officer Carraway testified that Armstrong stated that only one of the purses belonged to her. During their investigation, the officers also found two wadded up Trustmark bank envelopes in the driveway on the driver’s side of the vehicle. Kissenger was brought to the scene of the stop and identified one of the purses and its content as hers and the bank envelopes as ones she had received from the bank earlier that morning.
¶ 3. Mclnnis was indicted by a Jones County grand jury for burglary of a dwelling house and receiving stolen property. On August 19, 2008, the State filed a motion to amend the indictment to reflect Mclnnis’s habitual-offender status pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007). On August 20, 2008, the State filed motions to amend the indictment because of a scrivener’s error regarding the date of the incident and to sever Count II, receiving stolen property, from the indictment. Both motions were granted. On August 20, 2008, Mclnnis was tried on the offense of burglary of a dwelling house. At the conclusion of his trial, Mclnnis was found guilty of burglary of a dwelling house and sentenced as a habitual offender to twenty-five years in the custody of the MDOC. On August 28, 2008, Mclnnis filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. On September 19, 2008, Mclnnis’s post-trial motion was denied.
ANALYSIS
I. Whether the trial court erred in granting jury instruction S-2 because the evidence was insufficient to support the instruction.
¶ 4. The State requested for the trial court to give an accomplice jury instruction, S-2. The text of the proffered jury instruction reads as follows:
The Court instructs the jury that each person present at the time, and consent *909 ing to and encouraging the commission of a crime, and knowingly, willfully and feloniously doing any act which is an ingredient to the crime, or immediately connected with it, or leading to its commission, is as much a principal as if he had with his own hand committed the whole offense; and if you believe from the evidence, beyond a reasonable doubt, that the defendant, Johnny L. Mclnnis, did willfully, knowingly, unlawfully, and feloniously do any act which is an ingredient of the crime of burglary of a dwelling or immediately connected with it, or leading to its commission, then and in that event, you should find the defendant guilty as charged.
¶ 5. Mclnnis objected to the proffered jury instruction stating:
DEFENSE COUNSEL: I think the jury either believes that Mr. Mclnnis did it or Ms. Bonnie Armstrong. I don’t think that they put on any evidence of an accomplice. Therefore, I’d object to that being submitted.
The trial court granted the instruction and ruled on the objection making the following statement:
THE COURT: [The State is] not accusing them of having an accomplice. They’re taking a precautionary instruction here to cover what your evidence was in that he testified that she did it.
¶ 6. Mclnnis argues that the record is void of any evidence to support the State’s accomplice jury instruction. Mclnnis contends that notwithstanding his testimony that Armstrong committed the crime, his testimony did not provide an evidentiary foundation for granting an accomplice instruction.
¶ 7. The State asserts that Mclnnis put on evidence indicating Armstrong had committed the crime. The State contends that because a reasonable jury may accept in part and reject in part the evidence presented by the witnesses, it could have been determined that Mclnnis and Armstrong acted in concert. Therefore, it suggested that Mclnnis might be guilty as an accomplice.
¶ 8. “An accomplice may be convicted of accomplice liability only for those crimes as to which he personally has the requisite mental state.” Welch v. State, 566 So.2d 680, 684 (Miss.1990). “He must have a ‘community of intent’ for the commission of the crime.” Id. According to Crawford v. State, 133 Miss. 147, 97 So. 534 (1923):
In order for one to aid and abet the commission of a crime, he must do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime; hence being present, even with the intention of assisting in the commission, if necessary, does not make one an aider and abettor thereof, unless his intention to render assistance was known to the perpetrator of the crime.
¶ 9. In this case, the evidence is insufficient to prove that Mclnnis was an accomplice; therefore, the evidence does not support granting of an accomplice jury instruction. Mclnnis testified that Armstrong called him at approximately 10:00 or 10:30 p.m. to come and get her. When he arrived at her location approximately 30 or 35 minutes later, he helped Armstrong put her bags in the car and they left the area. Mclnnis stated that he was stopped shortly thereafter by Officer Carraway. After Mclnnis was stopped, three purses were found on the front seat of the vehicle. Mclnnis testified that he recalls Armstrong having two purses and that a third purse was inside one of the other purses. The State did not present any evidence that Mclnnis acted as Armstrong’s accomplice.
*910 ¶ 10. While there was insufficient evidence for the granting of an accomplice instruction, the evidence does not warrant reversal of this case. The record before this Court contains sufficient evidence upon which a reasonable juror could have properly found Mclnnis guilty of burglary of a house. Kissenger identified the burglar as a black male wearing a plain white T-shirt, and Mclnnis was identified as the alleged suspect in the vicinity of the burglarized dwelling house within seconds of the 911 call. After Officer Carraway pulled Mclnnis over, she discovered Kis-senger’s purse in a car driven by Mclnnis, and two wadded up Trustmark envelopes, which Kissenger identified as hers, were found on the ground on the driver’s side of the car driven by Mclnnis. This evidence was sufficient to sustain a conviction of burglary of a dwelling house. “A person guilty of aiding and abetting will be punished as a principal; he is exposed to the same sanctions as if he committed all of the criminal acts himself.” Hollins v. State, 799 So.2d 118, 123 (IT 13) (Miss.Ct.App.2001).
¶ 11. Although the jury was improperly instructed with the accomplice jury instruction, we find that the error was harmless.
II. Whether the trial court erred in denying defense counsel’s circumstantial-evidence jury instruction.
¶ 12. Mclnnis requested for the trial court to give proffered jury instruction D-3. The jury instruction was refused by the trial court as being cumulative to the state’s jury instruction S-l, which was given by the trial court.
¶ 13. Mclnnis contends that the trial court erred in denying his circumstantial-evidence instruction. Mclnnis asserts that he neither confessed to the burglary nor was there any eyewitness testimony indicating that Mclnnis was in fact the person who had burglarized Kissenger’s home. Mclnnis maintains that Kissenger did not identify him at trial as the person who was inside her home. Mclnnis claims that Kis-senger’s sole testimony was that she saw a black man with a white T-shirt steal her purse. Mclnnis argues that the evidence identifying the burglar is not sufficient to identify him as the burglar and that such description is not an eyewitness identification.
¶ 14. The State asserts that while Kis-senger could not positively identify Mcln-nis as the burglar, it presented strong corroborating proof of Melnnis’s identity as the perpetrator. The State claims that the presented evidence, that Mclnnis was apprehended a few minutes later in the vicinity, matching Kissenger’s description, and in possession of Kissenger’s purse, is strong and compelling evidence to fill in the gap that Mclnnis was the burglar. Price v. State, 749 So.2d 1188, 1197 (¶ 27) (Miss.Ct.App.1999).
¶ 15. “In determining whether error exists in granting or refusing jury instructions, the instructions must be read as a whole; if the instructions fairly announce the law and create no injustice, no reversible error will be found.” Martin v. State, 854 So.2d 1004, 1009 (¶ 12) (Miss.2003).
¶ 16. In criminal cases, where the State’s evidence is entirely circumstantial, the trial court is required to instruct the jury regarding the use and treatment of circumstantial evidence by granting a circumstantial-evidence instruction and a two-theory instruction. Brown v. State, 961 So.2d 720, 728 (¶ 18) (Miss.Ct.App.2007). “[T]he court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict.” Jones v. State, 797 *911 So.2d 922, 928 (¶ 26) (Miss.2001).- However, our trial courts are not required to grant a two-theory instruction when its substance is covered by other instructions or where there is direct evidence. Brown, 961 So.2d at 728 (¶ 18).
¶ 17. Mclnnis proffered jury instruction D-3, but it was refused by the trial court. The proffered jury instruction stated the following:
The Court instructs the jury that if the evidence in this case presents two reasonable theories, one tending to indicate that the Defendant, Johnny Mclnnis, is guilty and the other tending to indicate that he is innocent, it is your duty to accept the theory favorable to Johnny Mclnnis and to find him not guilty.
¶ 18. We find that the instruction was not required because the evidence was not purely circumstantial. In this case, Kis-senger testified that the burglar was a black male wearing a white T-shirt. The record indicates that Mclnnis was in the vicinity during the time the burglary occurred. Mclnnis was spotted by Officer Carraway leaving the area within seconds of the 911 call being placed by Kissenger. Mclnnis was subsequently chased and detained by the police. When Mclnnis was detained, Officer Carraway informed Mclnnis that he fit the description of a stocky black male wearing a white T-shirt, who had just committed a burglary of a dwelling house. Mclnnis told Officer Carr-away that he was just on 32nd Street trying to “hustle” some Mexicans. Officer Carraway testified that she did not tell Mclnnis where in the area the burglary had occurred. Also, during their investigation, the officers found Kissenger’s purse on the front seat of the car that Mclnnis was driving.
¶ 19. In addition, we find that the substance of the two-theory instruction was found within jury instruction S-l. The jury instruction S-l reads as follows:
JOHNNY L. MCINNIS, has been charged in Count I with the offense of Burglary of a Dwelling House.
If you find from the evidence in this ease beyond a reasonable doubt that:
1. Johnny L. Mclnnis, on or about the 8th day of October, 2007, in the Second Judicial District of Jones County, Mississippi;
2. Did break into and enter;
3. The dwelling house of Hillary D. Kissenger located at 1438 32nd Street, Laurel, Mississippi;
4. With the intent to commit a crime of larceny therein;
5. Once therein, Johnny L. Mclnnis, did unlawfully take, steal and carry away the personal property of Hillary D. Kissenger;
Then you shall find the defendant, Johnny L. Mclnnis, guilty in Count I of Burglary of a Dwelling House.
If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the defendant, Johnny L. Mclnnis, not guilty in Count I of Burglary of a Dwelling House.
In Hill v. State, 17 So.3d 1092, 1097 (¶ 17) (Miss.Ct.App.2009), the trial court denied Hill’s two-theory instruction because the jury had been properly informed as to the applicable law through other instructions. In this case, as in Hill, a similar instruction, jury instruction S-l, was offered by the State and given by the trial court.
¶ 20. Therefore, we find that the trial court did not err in denying Mclnnis’s proffered jury instruction D-3 as the evidence was not wholly circumstantial, and the instruction was cumulative to the state’s jury instruction given by the trial *912 court. Thus, this assignment of error is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.