RUSSELL, J.,
dissenting:
¶ 23. The majority finds that the evidence is sufficient to convict Eddie Ray Jones of aggravated assault. I find that the jury was improperly instructed, and the verdict is against the weight and suffi *681 ciency of the evidence. Therefore, I respectfully dissent.
I. SUFFICIENCY OF THE EVIDENCE-AGGRAVATED ASSAULT
¶ 24. When reviewing the sufficiency of the evidence, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). The State failed to offer sufficient evidence for the jury to determine that Jones was individually liable for aggravated assault.
¶ 25. Count I of the indictment charges that “Eddie Ray Jones and Henry Taylor A/K/A Main ... individually, or while aiding and abetting and/or acting in concert with each other, did purposely, knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Camisha Cleveland, by shooting into the street or traffic.” Thirteen witnesses testified at trial. One individual, Latoya Sellers, testified that she saw Jones with a gun. Sellers was the girlfriend of Maurice Williams; she testified that Williams got out of her car with a weapon immediately prior to her hearing gunshots. Sellers gave three different versions of the events to authorities. First, she told the police that she did not see anyone with a gun, because she had been driving. By the time of her third statement to the police, Sellers remembered that she had seen Jones with a gun. She also remembered that her boyfriend, Williams, had a gun in his hand when he left her car. Sellers testified that after Williams had exited the car, she heard a gunshot, but she did not testify that the shot was fired by Jones. The record indicates that neither Sellers nor any other witness saw Jones shoot a gun. The assault on Cleveland was the result of a bullet entering the windshield of her car, striking her, and causing injury. The State provided no evidence that Jones fired a weapon into the street or traffic that caused serious bodily injury to Cleveland.
¶ 26. Jurors are expected to use common sense and sound honest judgment in considering and weighing the testimony and credibility of the witnesses. The fact that the jury acquitted Jones for possession of a firearm would indicate that they did not believe Sellers and rejected her testimony that she saw Jones with a gun. In the absence of Jones possessing a gun, it would be an illogical conclusion that he could have fired the shot that injured Cleveland. Absent other proof, the evidence is insufficient to find Jones individually liable for aggravated assault. See Sands v. State, 62 So.3d 374, 378 (¶ ¶ 17-20) (Miss.2011).
¶ 27. The majority relies on Edwards v. State, 797 So.2d 1049, 1058 (¶ 25) (Miss.Ct. App.2001) for the proposition that how the jury ruled on one count is immaterial as to how they ruled in another count of a multi-count verdict. However, the fact that the jury determined that Jones did not have a gun cannot be ignored in determining if he was principally responsible for the shot fired which caused the injury to Cleveland.
II. SUFFICIENCY OF THE EVIDENCE-AIDING AND ABETTING
¶ 28. The State failed to offer sufficient evidence proving that Jones aided and abetted or acted in concert with Henry Taylor in committing aggravated assault. The Mississippi Supreme Court explained long ago that an aider and a better must “do something that will incite, encourage, *682 or assist the actual perpetrator in the commission of the crime.” Crawford v. State, 138 Miss. 147, 147, 97 So. 534, 534 (1923). Further, “[o]ne who aids and abets necessarily enters into an agreement that an unlawful act will be done. He participates in the design of the felony.” King v. State, 857 So.2d 702, 728(91) (Miss.2003). See, e.g., Sims v. State, 908 So.2d 186, 188(7-8) (Miss.Ct.App.2005) (finding that an aiding- and-abetting instruction was proper where defendant called and made plans to meet coindictee, then requested, and used coin-dictee’s gun to commit aggravated assault).
¶29. The record includes no evidence of Jones’s assisting, encouraging, inciting, or planning with Taylor to shoot into the crowd, street, or traffic. I have searched the record, without success, to find any testimony or other evidence that Jones communicated with Taylor in any manner during the incident that led to the injury of Cleveland. Of the thirteen witnesses, not one inference was provided that there was a plan or any act by Jones to assist, encourage, incite, or support Taylor in any criminal act. Similarly, there is not one scintilla of evidence, either direct or circumstantial, that Jones had knowledge of any criminal act until, like everyone else in the area, Williams stepped from Sellers’s car and the shooting began. In fact, the record includes no evidence of any interaction between Jones and Taylor that would rise to the level of aiding and abetting.
¶ 30. “Mere presence” at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the commission of the crime. Hughes v. State, 983 So.2d 270, 276(14) (Miss.2008) (citation omitted). Considering the evidence in light most favorable to the prosecution, I find that the evidence is insufficient to convict Jones of aiding and abetting or acting in concert with Taylor in committing aggravated assault. The trial judge stated, following the announcement of the verdict, “the only thing I could think is that they went to the aiding and abetting which was part of the indictment which was — and jury instruction was given along those lines.” Further, in denying Jones’s motion for a judgment notwithstanding the verdict (JNOV), the trial judge again stated: “Obviously, the jury concluded that the Defendant aided his co-defendant in the commission of the aggravated assault.” But then the trial judge seems to find that the jury found Jones guilty by acting individually.[7] The majority points to no testimony in the record to support a conviction of Jones for aiding and abetting because none exists. The State points to no evidence in the record to support proof of any element required for aiding and abetting. There is nothing to indicate that Jones deliberately associated himself in some way with the crime and participated in it with the intent to bring about the crime. Sellers’s testimony that she heard someone in the crowd yell an insult toward Williams or even that the two exchanged words is insufficient to show that Jones aided and abetted or acted in concert with Taylor in committing aggravated assault. An indictment which charges that parties acted in concert does not relieve the prosecution of the obligation to establish (1) a joint action and (2) an injury occurring as a result of that joint action, rather than some other action. Hedrick v. State, 637 So.2d 834, 837 (Miss.1994) (citations omitted). Accordingly, I would reverse Jones’s aggravated-assault conviction and render a judgment of acquittal.
*683 III. PLAIN-ERROR REVIEW
¶ 31. On appeal, Jones does not challenge the jury instructions or the weight of the evidence.[8] As no contemporaneous objection was made, this issue is procedurally barred. Jackson v. State, 684 So.2d 1213, 1226 (Miss.1996). Plain-error review may be invoked where (1) a party failed to preserve an error for appellate review, and (2) a substantial right is affected. A review under the plain-error doctrine is necessary when a party’s fundamental rights are affected, and the error results in a manifest miscarriage of justice. Williams v. State, 794 So.2d 181, 187 (V 23) (Miss. 2001) (overruled on other grounds). Because the right to due process and equal protection in this case affects a substantial right — specifically, a right to a fair trial— plain-error review is appropriate.
A. Aggravated-assault Jury Instruction
¶ 32. “When considering a challenge to a jury instruction on appeal, we do not review jury instructions in isolation; rather, we read them as a whole to determine if the jury was properly instructed.” Mi-lano v. State, 790 So.2d 179, 184(14) (Miss. 2001) (citation omitted). “[I]f the instructions fairly announce the law of the case and create no injustice,” this Court will not reverse. Id. I submit that the jury instructions given in this case coupled with statements made by the trial judge confused the jury and impacted a fundamental right of Jones.
¶ 33. The unnumbered aggravated-assault jury instruction states, in relevant part, that:
[I]f you believe from the evidence in this case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that:
(1) On or about March 22, 2007, the defendants, Eddie Ray Jones and Henry Taylor ..., individually, or while aiding and abetting and/or acting in concert with each other, did purposely, knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Camisha Cleveland, and
(2) said injury was caused by shooting into the street or traffic thereby hitting Camisha Cleveland causing injury to the right side of her head and/or her right ear,
then you shall find the defendants Eddie Ray Jones and Henry Taylor, guilty of aggravated assault....
(Emphasis added). The fault with this instruction is that the jury was required to find Jones guilty, even if they found that Taylor had acted individually. Although the trial court provided an instruction that you must find that each person committed the acts, it did not cure the problem.
¶ 34. Couple the aggravated-assault jury instruction with the fact that right before instructing the jury, the trial judge explained to it: “[w]e’ve got three charges. [Taylor and Jones] are charged with ag[gravated] assault, and that will be either guilty or not guilty for two defendants, and then you’ve got an individual charge of possession of a firearm.” (Emphasis added). Later, while reading the form-of-the verdict instructions, the trial judge paused to explain that “[Taylor and Jones] are both charged with aggravated *684 assault together — well, in one indictment. Then they individually have possession charges of a firearm.”
¶ 35. And there is more. After instructing the jury, the trial court, at the State’s request, granted an aiding-and-abetting jury instruction. Reading the jury instructions together does not cure the problem here. Even if the jury determined that Taylor had acted alone, the jury instructions negate any opportunity for the jury to acquit Jones of aggravated assault.
¶ 36. Further, the inconsistent verdicts become relevant when reviewing whether the jury was properly instructed. This inconsistency exhibits the injustice done to Jones by jury instructions that did not announce the applicable law; the jury never received any clarity on whether Jones could be acquitted. If the jury believed Sellers’s statement that she saw Jones with a gun, the jury would have convicted him of possession of a firearm. The improper jury instructions coupled with the trial judge’s confusing comments on the applicable law warrant a new trial.
¶ 37. The United States Supreme Court has stated that an error of constitutional dimension is not harmless if “there is a reasonable possibility that [it] might have contributed to the conviction.” Fahy v. Connecticut, 375 U.S. 85, 86-87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). The State must prove “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In the present case, the possibility of prejudicial impact is present; therefore, I conclude that the trial judge’s comments coupled with the jury instructions were not harmless errors. Accordingly, if the judgment is not reversed and rendered, I would reverse the aggravated-assault conviction and remand for a new trial.
B. Weight of the Evidence
¶ 38. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, [this Court] will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). This Court must consider the evidence in the light most favorable to the verdict. Id. “The motion ... is addressed to the discretion of the court.... [A] new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (citation omitted).
¶ 39. It is the province of the jury as the ultimate fact-finder to accord the weight and credibility to the evidence. Neal v. State, 451 So.2d 743, 758 (Miss.1984). However, there must be some evidence to support the verdict. In this case, none was presented.
¶ 40. The separate accounts of the events of the day of the incident vary to some degree among the witnesses; however, no witness provided any testimony that Jones was heard or seen providing any aid, encouragement, or assistance to Taylor on the day in question. I have searched the record to find even an inference from one of the witnesses that Jones encouraged or incited Taylor to participate in some illegal activity on that day or any other day.
¶ 41. Considering the evidence in the light most favorable to the verdict, Jones’s conviction cannot stand. As discussed above, the State provided no evidence that Jones either shot Cleveland, which would make him individually liable, or that he aided and abetted and/or acted in concert with Taylor in shooting Cleveland. Because allowing Jones’s conviction to stand would sanction an unconscionable justice, *685 minimally this Court should reverse and remand for a new trial, even though I firmly believe that the most appropriate action would be to reverse Jones’s aggravated-assault conviction and render a judgment of acquittal as heretofore stated.
IRVING, P.J., JOINS THIS OPINION.

. The trial judge also denied the motion for a JNOV based on the weight of the evidence rather than viewing the sufficiency of proof of each element of the crime.

. The motion for a new trial had not been ruled upon when this case was initially appealed; however, the Court has accepted this case in the interest of judicial economy and addressed the issue of reading the indictment cited in Jones’s motion for a new trial. I will address the weight of the evidence issue raised in the motion for a new trial and the jury instructions under the plain-error doctrine.